**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BARNIE'S COFFEE & TEA**
**COMPANY, INC., BARNIE'S II, INC.**
      **Plaintiffs,**

-vs-                   Case No. 6:07-cv-1664-Orl-19UAM

**AMERICAN MATTRESS COMPANY,**
**MOHAMMED AL-HUWAITAN**
      **Defendants.**
_____

# ORDER

This case comes before the Court on the following:

1. Motion For Preliminary Injunction By Plaintiffs Barnie's Coffee & Tea Company, Inc. and Barnie's II, Inc. (Doc. No. 2, filed Oct. 18, 2007); and

2. Memorandum Of Law In Opposition To Plaintiffs' Motion For Preliminary Injunction By Defendants American Mattress Company and Mohammed Al-Huwaitan (Doc. No. 36, filed Jan. 10, 2008).

## Background

Plaintiff Barnie's II is a Florida corporation that owns the trademarks and service marks used in the operation of Barnie's Coffee & Tea Company franchised stores. (Doc. No. 1 at p. 1, ¶ 2.) Plaintiff Barnie's II has licensed to Plaintiff Barnie's Coffee & Tea Company ("Plaintiff Barnie's"), a Florida limited liability company, the ability to display these trademarks and enter into franchise agreements with third parties. (*Id.* ¶¶ 1-2.) Defendant American Mattress Company is a Kuwait corporation, and Defendant Mohammed Al-Huwaitan is its president. (*Id.* ¶ 3; Doc. No. 1-3 at p. 36.)

Plaintiff Barnie's entered into a Master Franchise Agreement ("MFA") with Defendants dated March 7, 2003. (Doc. No. 1 at pp. 4-5, ¶ 12; Doc. No. 1-3 at pp. 1-42; Doc. No. 23 at p. 2, ¶ 4.) The MFA gave Defendants the license to open several Barnie's Coffee and Tea Company stores in various Middle Eastern countries, including Kuwait. (Doc. No. 1 at pp. 4-5, ¶ 12; Doc. No. 1-3 at pp. 7-8, 10-11, 14-15; Doc. No. 23 at p. 2, ¶ 4.) Defendants were also granted the right to act as a sub-franchisor in those countries, licensing third parties to open Barnie's franchised locations. (Doc. No. 1 at pp. 4-5, ¶ 12; Doc. No. 1-3 at p. 10; Doc. No. 23 at p. 2, ¶ 4.) The MFA provided that, among other things, Defendants would meet a given development quota, comply with Barnie's system standards, maintain accurate business records, provide periodic reports, and pay various fees. (Doc. No. 1-3 at pp. 10-11, 14-15, 17-18, 20-21.) Exhibit B to the MFA states that, absent breach, the contract would terminate at the end of three development periods, on December 31, 2005. (*Id.* at p. 38.) The MFA permits extension of the contract under certain conditions. (*Id.* at p. 11.)

Plaintiffs have offered evidence that Defendants breached the terms of the MFA and also that Defendants failed to request extension of the contract. (*Id.* at pp. 43-53; Doc. Nos. 2-2, 2-3.) Thus, according to Plaintiffs, not only did they have a right to terminate the MFA due to Defendants' breach, but also the MFA expired according to its own terms. (Doc. No. 1 at pp. 7–11.) Plaintiffs assert that despite this expiration, Defendants continue to use Barnie's trademarks, service marks, and confidential business information in violation of Plaintiffs' rights under federal trademark law. (*Id.* at pp. 11-14.) Plaintiffs move the Court to enjoin Defendants' unlicensed use of Plaintiffs' marks and confidential information and also to enjoin Defendants from competing with Plaintiffs for two years in accordance with a non-compete provision in the MFA. (*Id.* at pp. 19-20; Doc. No. 2.) In

response, Defendants "do not oppose the request for relief as to (1) the alleged use of trademarks and service marks as well as purported confidential information and (2) competing against plaintiffs." (Doc. No. 36-2 at p. 2, ¶ 3.)

Additionally, Plaintiffs move the Court to enjoin Defendants from "proceeding with an action they commenced against Barnie's in Kuwait in violation of the forum selection clause contained in the parties' Master Franchise Agreement." (Doc. No. 2 at p. 1.) Plaintiffs have provided a copy of the summons they received for the suit in Kuwait. (Doc. No. 1-3 at pp. 54-60.) Defendants oppose this Motion on the basis of four arguments: (1) the forum selection clause in the MFA is unenforceable; (2) the forum selection clause is permissive rather than mandatory; (3) the forum selection clause is unreasonable; and (4) Plaintiffs have not met the threshold requirements for an anti-suit injunction. (Doc. No. 36.) The Court held a hearing on January 15, 2008 to determine whether an injunction should be entered and whether to grant this preliminary anti-suit injunction against Defendants.

## Analysis

### I.   Legal Standards

Generally, the purpose of a preliminary injunction is to maintain the status quo until the district court can enter a final decision on the merits of the case. *United States v. DBB, Inc.*, 180 F.3d 1277 (11th Cir.1999). To prevail on its request for injunctive relief, the party seeking the injunction must demonstrate the following: (1) a substantial likelihood of success on the merits; (2) irreparable injury if the injunction is not issued; (3) that the threatened injury to the party seeking the injunction outweighs the potential damage that the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, will not be adverse to the public interest. *Schiavo ex rel.*

...

*Schindler v. Schiavo*, 403 F.3d 1223, 1231 (11th Cir. 2005); *McDonalds Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998).

Because a preliminary injunction is an extraordinary and drastic remedy, such relief is not to be granted unless the movant clearly establishes the burden of persuasion as to each of the four prerequisites. *McDonalds*, 147 F.3d at 1306; *Schiavo ex rel. Schindler*, 403 F.3d at 1231. A party may support its motion for a preliminary injunction by setting forth allegations of specific facts in affidavits. M.D. Fla. R. 4.05(b)(2), 4.06(b)(1). In considering a motion for preliminary injunctive relief, a district court may rely on timely filed affidavits and hearsay materials that would not be admissible as evidence for entry of a permanent injunction. *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir.1995); *F.A.C.E. Trading, Inc. v. Famiano*, No. 8:05-cv-1740-T-23TBM, 2006 WL 571723, at *7 n. 6 (M.D. Fla. Mar. 8, 2006); M.D. Fla. R. 4.05 and 4.06.

In addition, when a plaintiff seeks an anti-suit injunction against foreign litigation, the plaintiff must prove two additional prerequisites. *Canon Latin America, Inc. v. Lantech (CR), S.A.*, 508 F.3d 597, 601 (11th Cir. 2007). The district court may issue an anti-suit injunction only if: (1) the parties are the same in both the foreign and domestic lawsuits, and (2) resolution of the case before the enjoining court is dispositive of the action to be enjoined. *Id.*

## II.     Application of Standards

The parties came before the Court on January 15, 2008 and presented argument on the only issue remaining under the request for injunctive relief: whether a preliminary anti-suit injunction should issue. While Plaintiffs filed in the record a copy of the summons from the Kuwait case which suggested the case involved only a breach of contract claim (Doc. No. 1-3 at pp. 54-60), Defendants

submitted an affidavit from their Kuwaiti lawyer describing the claims as statutory in nature and based on various Kuwaiti commercial laws (Doc. No. 36-2 at pp. 4-5).  When directly questioned during the hearing about the Kuwait case, neither party was able to give a clear explanation of the exact claims pending before the Kuwait Court.  While Plaintiffs' counsel stated that there was a Motion to Dismiss pending before the Kuwait Court that could render the anti-suit issue moot, no such evidence has been entered into the record.

As explained above, Plaintiffs have the burden of clearly establishing the prerequisites for an anti-suit injunction.  *McDonalds*, 147 F.3d at 1306; *Schiavo ex rel. Schindler*, 403 F.3d at 1231.  The evidence presently in the record is not sufficient to support a finding that the resolution of this case would be dispositive of the Kuwait case.  Since Plaintiffs have not met their burden, the Court must deny Plaintiff's Motion for a preliminary anti-suit injunction.

## Conclusion

Based on the foregoing, Plaintiffs' Motion for a Preliminary Anti-Suit Injunction is **DENIED** without prejudice. (Doc. No. 2.) Plaintiffs' Motion for Preliminary Injunction against trademark and service mark infringement, use of confidential information, and unfair competition is uncontested. The parties shall present a joint form of Order granting injunctive relief on these issues within ten (10) days from the date below, or the Court will enter its Order sua sponte.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on January 20th, 2008.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record